UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSEPH LEE DAILY,<br><br>    Petitioner,<br><br>vs.<br><br>BEN CURRY, WARDEN.<br><br>    Respondent. | Case No: C 10-0338 SBA (PR)<br><br>**AMENDED ORDER TO SHOW CAUSE** |

    On January 25, 2010, Petitioner, Joseph Lee Daily, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is represented by counsel, challenges the Board of Parole Hearing's decision in 2007 denying his request for parole and related ruling that it would be unreasonable to grant him a parole hearing within the next three years. On February 17, 2010, the Court issued an Order to Show Cause directing service of the petition upon the Respondent.

    On February 26, 2010, Petitioner, through counsel, filed a "1st Amended Petition for Writ of Habeas Corpus," accompanied by an 83-page memorandum of points and authorities. (Docket 8, 9.) The Court struck the memorandum of points and authorities and directed Petitioner to file a memorandum in compliance with Civil Local Rule 7. (Docket 10.)

    On June 14, 2010, Petitioner filed his amended memorandum. Good cause appearing, the Court hereby issues the following orders:

    1.    The Clerk of the Court shall serve a copy of this Order and the amended petition and all attachments thereto (Docket 8) and Petitioner's amended memorandum (Docket 12) upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner's counsel, Steve DeFilippos, Picone & DeFilippos, 625 N. First St., San Jose, California 95112.

    2.      Respondent shall file with this Court and serve upon Petitioner, within one-hundred and twenty (120) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    3.      If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within sixty (60) days of his receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision sixty (60) days after the date Petitioner is served with Respondent's Answer.

    4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within sixty (60) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within fifteen (15) days of receipt of any opposition.

    5.      Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than ten (10) days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated:  June 21, 2010

                                                      _____
                                                      SAUNDRA BROWN ARMSTRONG
                                                      United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12   G:\Sbalc2\Kei..\Prisoner\10-338 - Daily - Order to Show Cause.doc
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28