UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| JOSEPH LEE DAILY, | Case No: C 10-0338 SBA |
|---|---|
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| RANDY GROUNDS, Warden, | |
| Respondent. | |

Petitioner Joseph Lee Daily, through counsel, filed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, to challenge a 2007 decision by the Board of Parole Hearings ("BPH") finding him unsuitable for parole. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the Petition for the reasons set forth below.

I. **BACKGROUND**

Petitioner is in the custody of the California Department of Corrections and Rehabilitation following his 1996 conviction in the San Diego County Superior Court for second-degree murder, Cal. Penal Code § 187, and assault on a child with force likely to produce great bodily injury and death, id. § 273(a), (b). The victim was Petitioner's seven-week-old son, who died of multiple skull fractures and shaking. Petitioner was sentenced on May 21, 1996, and is serving a sentence of fifteen years to life at the California State Prison, Solano.

On September 19, 2007, Petitioner appeared with counsel before the BPH for his first parole hearing, which started at 8:43 a.m. and concluded at 12:20 p.m. At the conclusion of the hearing, the BPH found Petitioner unsuitable for parole, finding that he

would pose an unreasonable risk of danger to society or a threat to public safety if released.[1]  The BPH set his next hearing to take place in three years.

In 2009, Petitioner filed a habeas corpus petition in the San Diego County Superior Court to challenge the BPH's unsuitability finding.  On April 1, 2009, the Superior Court denied the petition.  While noting that Petitioner's remorse, self-growth and other positive developments would have merited a parole hearing in one instead of three years, the court found that the BPH acted within its discretion based on the nature of the crime and the fact that this was Petitioner's first parole hearing.

Petitioner subsequently filed a habeas corpus petition in the California Court of Appeal.  On July 17, 2009, the appellate court issued a reasoned opinion denying the petition finding that the BPH's decision was proper.

Finally, Petitioner filed a habeas corpus petition in the California Supreme Court, which issued a summary denial on January 21, 2010.

Petitioner filed the instant petition in this Court on January 25, 2010.  He alleges that the BPH violated his right to due process by failing to find him suitable for parole and granting him a release date.  Respondent filed an Answer to the Petition and Petitioner has filed a Traverse.  The matter is fully briefed and ripe for adjudication.

## II. DISCUSSION

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] The transcript of the hearing is attached Exhibit A to Respondent's Answer.

28 U.S.C. § 2254(d).

Petitioner claims that the BPH's decision violated his right to due process because it was not based on any evidence that he currently poses an unreasonable risk to public safety. For purposes of federal habeas review, however, a state prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. Swarthout v. Cooke, — U.S. —, —, 131 S.Ct. 859, 862 (2011).[2]  A petitioner's right to due process is satisfied where the petitioner was provided with an opportunity to be heard and a statement of the reasons why parole was being denied. Id.  The Constitution "does not require more." Id. (quoting in part Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)).

In the instant matter, Petitioner received the requisite amount of process at his lengthy parole hearing.  The record shows that Petitioner was allowed to speak at the hearing and to contest the evidence against him, had access to the records relied upon at the hearing and was notified as to the reasons parole was denied.  See Resp't Answer, Ex. A. Given that Petitioner's parole hearing satisfied the minimal due requirements specified by Swarthout, this Court's habeas inquiry is at an end.  131 S.Ct. at 862.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus is DENIED.

2. No certificate of appealability will issue, as reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.

---

[2] The Supreme Court rendered its decision in Swarthout after the Court issued its Order to Show Cause and after the close of briefing in this action.  Swarthout overruled the line of Ninth Circuit authority relied upon by Petitioner in this action.

3.  The Clerk shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

Dated: February 13, 2013

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\Sbalc2\K…\Prisoner\10-0338 - Daily - Order Denying Petition for Writ of Habeas Corpus.docx

- 4 -